STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. JOSEPH J. PATERNA, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted July 3, 1984—Decided July 13, 1984.

Before Judges J.H. COLEMAN and BRODY.

*Alvin G. Shpeen,* Gloucester County Prosecutor, attorney for appellant (*Lawrence Magid,* First Assistant Prosecutor, of counsel and on the brief).

*Alfred T. Sanderson,* attorney for respondent.

The opinion of the court was delivered by

BRODY, J.A.D.

Plaintiff pled guilty to committing a sexual assault contrary to *N.J.S.A.* 2C:14–2(c)(5), a second degree crime. The trial judge imposed a sentence of five years probation with the special condition that defendant serve a 364-day jail term. Pursuant to a plea agreement a second count charging endangering the welfare of a child (*N.J.S.A.* 2C:24–4) was dismissed.

The State appeals invoking *N.J.S.A.* 2C:44–1(f)(2) which permits the State to appeal as being too lenient a "non-custodial or probationary sentence upon conviction for a crime of the first or second degree." The argument is not available to the State in this case. As part of the plea agreement, the State promised to "remain silent as to sentence." That solemn promise would be seriously compromised if the State were permitted to break its silence on this appeal.

The sentence is not facially illegal. *N.J.S.A.* 2C:44–1(d) calls for a sentence of imprisonment upon conviction of a crime of the first or second degree "unless, having regard to the charac-

ter and condition of the defendant, [the court] is of the opinion that ... imprisonment would be a serious injustice which overrides the need to deter such conduct by others." In order to induce a plea, the State promised not to take a position as to whether it would be a "serious injustice" to imprison defendant. It may not take a position now. The State's plea negotiation promise must be fulfilled. *State v. Thomas*, 61 *N.J.* 314, 323–324 (1972); *see State v. Kovack*, 91 *N.J.* 476, 483 (1982).

A plea-negotiated sentence not facially beyond the power of the judge to impose, may not be appealed by the State when the plea was induced by the State's promise to remain silent as to sentence.

Affirmed.