STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
ALFONSO G. DANIELS, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued August 14, 1984—Decided August 22, 1984.

Before Judges JOELSON and TRAUTWEIN.

*Anderson D. Harkov*, Assistant Deputy Public Defender, argued the cause for appellant (*Joseph H. Rodriguez*, Public Defender, attorney).

*Olivia Belfatto*, Deputy Attorney General, argued the cause for respondent (*Irwin I. Kimmelman*, Attorney General of New Jersey, attorney).

The opinion of the court was delivered by

JOELSON, P.J.A.D.

Pursuant to a plea agreement, defendant pled guilty to a first degree robbery, *N.J.S.A.* 2C:15–1(b), in which he and two codefendants robbed another youth of a moped, helmet, and air pump. Under the terms of the plea agreement, the State agreed to recommend that any custodial term imposed should "... be to Yardville and not to exceed ten years." In addition, the State agreed to dismiss other counts of the indictment against defendant, which counts stemmed from the same criminal episode as the robbery. The State also stipulated that the

Graves Act, *N.J.S.A.* 2C:43–6c, was inapplicable because the gun used by defendant or one of the codefendants, and described by defendant and one of the codefendants as a "toy gun," had not been recovered and could not be proved to be an operable handgun. The trial judge sentenced defendant to the custody of the Commissioner of the Department of Corrections at Yardville for an indeterminate term not to exceed seven years. This is defendant's accelerated appeal from his sentence.[1] We reverse and remand.

Due to traumatic injuries which he sustained at the age of five, defendant suffers from left hemiplegia, meaning that he is partially paralyzed on the left side. Additionally, he suffers frequent seizures of the grand mal type. His seizures are treated by the medication phenobarbital, although not totally controlled by this medication. The pre-sentence report states that "[i]f the Graves Act were not applicable, this writer would recommend a probation term, to include occupational therapy in a sheltered workshop." The pre-sentence report reveals that "... defendant attended A. Harry Moore Laboratory School ... and Hudson County Vo-Tech School, graduating in 1982," and that "he performed well in school." Attached to the pre-sentence report is a letter to the probation officer from the School Social Worker of the A. Harry Moore Laboratory School, expressing the opinion that a jail sentence can neither "deter or rehabilitate" defendant and stating that "[a]lthough he has had an uneven success rate with a sheltered workshop placement, I do feel strongly that he is a candidate for a rehabilitative sheltered workshop setting such as may be offered in New York City."

At the time of sentence, the trial judge referred to *State v. Roth*, 95 *N.J.* 334 (1984), and said:

> Frankly, if it weren't for the Roth Case, I would probably follow—I would follow the recommendation of the Probation Department in this case. As I read

---

[1] We have previously granted defendant's motion for bail pending appeal.

the Roth Case, I don't have the authority to do so. I have to give a custodial sentence under the law. If the defendant wants to take an appeal and clarify the Roth Case, that is up to the defendant.

As I see it, I have to give it a custodial sentence. I'm going to impose the presumptive custodial sentence for a second-degree offense.

Furthermore, in the judgment of conviction the trial judge gave the following statement of reasons pursuant to *R.* 3:21–4(e):

1.  The nature of the offense, 1st degree robbery, justifies confinement.

2.  This is defendant's first conviction.

3.  The Graves Act is not applicable in the case of a toy gun.

4.  The defendant's health problems do not excuse him but can be considered.

5.  An older co-defendant had the major role.

6.  Defendant is not likely to commit another offense.

7.  The mitigating factors justify a sentence for 2nd degree.

8.  I would consider a different type of sentence in view of his medical and intellectual problems. *I interpret the recent Roth case as preventing me from doing so* [emphasis supplied].

9.  It is requested that the Department of Corrections give special consideration to the defendant's medical history.

In concluding that under no circumstances could he dispense with a custodial term in sentencing a defendant on a crime of the first or second degree, the trial judge misread *State v. Roth,* supra. In *Roth,* the Court dealt with *N.J.S.A.* 2C:44–1(d), which provides as follows:

The court shall deal with a person who has been convicted of a crime of the first or second degree by imposing a sentence of imprisonment unless, having regard to the character and condition of the defendant, it is of the opinion that his imprisonment would be a serious injustice which overrides the need to deter such conduct by others.

In discussing *N.J.S.A.* 2C:44–1(d), the Court declared the legislation vested a "residuum of power" in the trial courts, but one to be exercised "only under the narrow exception of the statute ...." With reference to the statutory exception under which the trial court may decide that "... imprisonment would be a serious injustice which overrides the need to deter such conduct by others," the *Roth* court declared that this standard

is met only in "truly extraordinary and unanticipated circumstances." 95 *N.J.* at 358. Thus, the Court stated that "[a]bsent a proper determination of 'serious injustice' considering the character and condition of the defendant, the trial court must impose a custodial sentence." *Id.* at 358–59. As stated in *State v. Hodge*, 95 *N.J.* 369, 378–79 (1984), "... the severity of the crime is now the single most important factor in the sentencing process." However, when a sentencing judge justifiably decides that imprisonment would be a serious injustice under the provisions of *N.J.S.A.* 2C:44–1(d), the judge need not be a computer automatically imposing a custodial sentence.

■■ We wish to make it clear that we have not decided here that the trial judge abused his discretion when he imposed a custodial sentence upon defendant. Similarly, it would not be an abuse of discretion if the trial judge should forgo the imposition of a custodial sentence because he "... is of the opinion that his [defendant's] imprisonment would be a serious injustice which overrides the need to deter such conduct by others." *N.J.S.A.* 2C:44–1(d). Within the constraints of the statute, there is still some discretion reposed in the sentencing judge. We should not disturb the trial judge's exercise of that discretion absent a clear abuse, *State v. Roth*, 95 *N.J.* at 363 and we will not substitute our discretion for that of the trial judge. Our intention is merely that he should sentence defendant with a proper understanding of the holding in *State v. Roth, supra,* and not under the misconception that *Roth* mandates a custodial sentence for crimes of the first and second degree no matter what the circumstances may be. Accordingly, we remand the matter to the trial court for resentencing of defendant in keeping with *N.J.S.A.* 2C:44–1(d) as explicated in *State v. Roth, supra.*

Reversed and remanded for further proceedings consistent with the foregoing. We do not retain jurisdiction.