198 N.J. Super. 602 (1984)
487 A.2d 1304
STATE OF NEW JERSEY, PLAINTIFF,
v.
BYRON ROBINSON, DEFENDANT.
Superior Court of New Jersey, Law Division, Essex County.
Decided December 3, 1984.
John Redden, Assistant Deputy Public Defender, for defendant (Joseph H. Rodriguez, Public Defender, attorney).
Lynne Williams, Assistant Prosecutor, for plaintiff (George L. Schneider, Essex County Prosecutor, attorney).
*603 STERN, J.S.C.
This case involves the question of whether an order reducing the custodial aspect of a probationary sentence may be entered "at any time."
Rule 3:21-10(a) embodies strict time limitations for the filing and disposition of motions for change or reduction of sentence. The motion must be made within 60 days of the judgment of conviction, and the change or reduction must be entered within 75 days of the judgment. The judgment is entered following sentencing forthwith by the clerk. R. 3:1-4(a); R. 3:21-5.
Rule 3:21-10(b) embodies exceptions to the strict time limitations, and the present issue requires the court to examine whether the custodial aspect of a probationary sentence may be reduced "at any time" pursuant to the exception embodied in R. 3:21-10(b)(4).
Defendant was sentenced to probation for three years on September 14, 1984. As a condition of his probation defendant was ordered to serve 275 days in the Essex County jail annex (N.J.S.A. 2C:43-2(b)(2), 2C:45-1(c)), and thereafter to perform 250 hours of community service. N.J.S.A. 2C:45-1(b)(13). After sentence was imposed defendant moved for a reduction and elimination of the custodial aspect of his sentence. The motion was made returnable on November 30, 1984, more than 75 days after sentence was imposed. The issue is whether the court can consider the application under R. 3:21-10(b)(4) which provides:
A motion may be filed and an order may be entered at any time ... (4) changing a sentence as authorized by the Code of Criminal Justice....[1]
R. 3:21-10(b)(4) was added as an exception to R. 3:21-10(a) as part of the 1979 rule revision designed to implement the Code of Criminal Justice upon its effective date. The Criminal Practice Committee had recommended that the Supreme Court *604 adopt a rule permitting an order to be entered at any time "changing a sentence as provided by N.J.S.A. 2C:1-1 d(2) or N.J.S.A. 2C:46-3." The Committee's recommendation contained the following commentary:

R. 3:21-10 which sets forth exceptions to the time limitations for the reduction or change of sentence would be revised to incorporate the situation authorized by N.J.S.A. 2C:1-1d(2) whereby a defendant under sentence of imprisonment on the effective date of the Code may move for review of sentence in instances in which the Code has abolished the offense for which the defendant was convicted or where the maximum term of imprisonment exceeds the maximum established by the Code as well as the provisions of N.J.S.A. 2C:46-3 which permits a defendant sentenced to pay a fine to petition the court "at any time" for a revocation of the fine or of any unpaid portion thereof. [103 N.J.L.J. 417 (May 3, 1979)]
The Criminal Practice Committee did not include in its recommendation any reference to N.J.S.A. 2C:45-2(b). That section provides:
During the period of ... probation, the court, on application of a probation officer or of the defendant, or on its own motion, may (1) modify the requirements imposed on the defendants ... The court shall eliminate any requirement that imposes an unreasonable burden on the defendant.
See also N.J.S.A. 2C:45-2(a) permitting "discharge" of the probationary sentence at any time.
There may be an issue regarding whether N.J.S.A. 2C:45-2(b) changed prior statutory law with respect to the court's flexibility to amend the conditions of probation. N.J.S.A. 2A:168-1 et seq.; N.J.S.A. 2A:168-2, -4. There may also be an issue as to whether N.J.S.A. 2C:45-2(b) was designed to permit motions or applications to amend the conditions of probation at any time within the period of probation, notwithstanding the time limits in R. 3:21-10 as it stood when the code was adopted; and if so, whether the subject had procedural, as well as substantive, impact. See, e.g., State v. Robinson, 148 N.J. Super. 278 (App. Div. 1977).[2]
*605 While the Criminal Practice Committee did not address N.J.S.A. 2C:45-2 in its report, it is clear that the Supreme Court's adoption of R. 3:21-10(b)(4) in 1979 disposed of any issue concerning the impact of N.J.S.A. 2C:45-2(b). The court expressly authorized a motion to be made "at any time" for an order "changing a sentence as authorized by the Code of Criminal Justice." Hence, R. 3:21-10(b)(4) permits at any time a change or reduction of sentence authorized by the code in N.J.S.A. 2C:45-2.[3]
The court therefore holds that a motion to reduce the custodial aspect of a probationary sentence may be made "at any time" during the probationary period, and the court will entertain the application on the merits.[4]
NOTES
[1] The present application is made to the sentencing court and is not pursued under R. 3:21-10(b)(5), -10(e) (intensive supervision).
[2] There is no suggestion in the legislative history, including statements to the original version of N.J.S.A. 2C:45-2 or the 1979 amendments, to the effect that the ability to "modify" does not include the power to "change" or "reduce." See L. 1978, c. 95; L. 1979, c. 180; Black's Law Dictionary (4 ed. 1951) at 1155. See also 2 Final Report of N.J. Criminal Law Revision Commission, (1971) at 345-346. This is particularly true in light of the power to "discharge."
[3] This result flows from the nature of the probationary sentence, given both the statute (N.J.S.A. 2C:45-2(b)(1)) and the rule (R. 3:21-10(b)(4)), notwithstanding that a motion to reduce a specific term sentence of up to 364 days (or any other type of custodial sentence) cannot be made "at any time." See N.J.S.A. 2C:43-2. The distinction is justifiable due to the difference between probation (with or without imprisonment as a condition thereof) and a custodial sentence in the traditional sense.
[4] Given the defendant's two prior convictions, his prior probationary history and the need for deterrence, the court concluded, for the reasons expressed on the record on December 3, 1984, that the aggravating factors noted in this case, involving distribution of a controlled dangerous substance, required that the custodial aspect of defendant's probationary sentence not be reduced.