204 N.J. Super. 94 (1985)
497 A.2d 917
STATE OF NEW JERSEY, PLAINTIFF,
v.
MICHAEL POSTAL, DEFENDANT.
Superior Court of New Jersey, Law Division Essex County.
Decided April 4, 1985.
*95 William J. Murray, Assistant Prosecutor, for plaintiff (George L. Schneider, Essex County Prosecutor, attorney).
Deanna Starr, Assistant Deputy Public Defender, for defendant (Joseph H. Rodriquez, Public Defender, attorney).
STERN, J.S.C.
In State v. Robinson, 198 N.J. Super. 602 (Law Div. 1984) this court held that the custodial aspect of a probationary sentence could be reduced "at any time." In imposing a probationary sentence in this case the court concludes that the custodial aspect can be served at any time during the period of probation and, therefore, reduced prior to actual service.
Defendant Michael Postal had been convicted 11 times prior to the three unrelated matters to which he entered guilty pleas before me. Subsequent to the most recent of these three events, defendant was placed on probation by another court. Although defendant has previously been placed on probation *96 and violated same several times, and although defendant has also previously failed to honor conditions of alcohol treatment programs, he has been doing well on probation since November 1983. His probation officer notes progress and that defendant may continue to respond positively to probation supervision. This has been considered in mitigation. N.J.S.A. 2C:44-1(b)(10). Defendant has also attended Alcoholics Anonymous (A.A.) on a daily basis for over a year, and other participants in that program have indicated that defendant now has a real commitment to the program and to rehabilitation.
Defendant's criminal conduct has been basically attributed to excessive drinking, and his recent progress and commitment to rehabilitation should be encouraged. However, other attempts at self-help and rehabilitation have been terminated or aborted in the past, even when they weren't imposed as conditions of probation or supervisory treatment.
The court feels that the risk of another offense, in light of defendant's prior record and post sentence history, and the need for deterrence require incarceration. See the aggravating factors noted in N.J.S.A. 2C:44-1(a)(3), -1(a)(7), -1(a)(9). On the other hand, the court also concludes that continuation in the A.A. program and defendant's new employment opportunities should be encouraged and permitted on a daily basis, for the benefit of defendant, his family and, in turn, the community. Accordingly, defendant was placed on probation for five years, a period to maximize installment payments of fines and restitution ordered, as well as for monitoring purposes. As a condition of probation defendant was ordered to attend A.A. daily and to serve 364 days in the Essex County Jail Annex.
The custodial aspect of the probationary sentence was stayed until October 7, 1985, a date approximately six months following sentencing. In this fashion defendant can continue to make progress at work and in the A.A. program, and move prior to October 7, 1985 for a change or reduction, in whole or in part, of the custodial aspect of probation. The motion can be *97 made "at any time" because it would be addressed to "imprisonment" as a condition of probation. See N.J.S.A. 2C:43-2(b)(2); 2C:45-1(c), -2; State v. Robinson, supra.
Under the Code of Criminal Justice the sentencing court can impose service of up to 364 days in custody as a condition of probation. See N.J.S.A. 2C:43-2(b)(2); 2C:45-1(c); see also N.J.S.A. 2C:45-1(b)(12). Independently, a sentencing judge can impose a sentence of "imprisonment at night or on weekends with liberty to work or to participate in training or educational programs." N.J.S.A. 2C:43-2(b)(7). Weekend and evening sentences are often imposed as a condition of probation, subject to the maximum of 364 days, because the custodial aspect of probation constitutes "imprisonment." See N.J.S.A. 2C:43-2(b)(2); 2C:45-1(c); State v. Hess, 198 N.J. Super. 322 (App.Div. 1984). Accordingly, the custodial aspect of probation, served periodically over a period of time or all at once, can be reduced at any time before fully executed. See State v. Robinson, supra; see also N.J.S.A. 2C:45-2(a)(b); R. 3:21-10(b)(4).
Independent of the ability to impose weekend or evening sentences as a condition of probation, there is no reason to suggest that the custodial aspect of probation may not be served, as ordered by the court, at any time during the probationary term. See N.J.S.A. 2C:45-1(a), -1(b)(12), -1(c). Moreover, as "imprisonment" as a condition of probation may be served over a period of time or commenced at any time during the term of probation, the custodial aspect can be reduced "at any time" before it is fully executed. See State v. Robinson, supra.
The court can stay or fix service of the custodial aspect of the probationary term either by delaying the custodial aspect altogether or by ordering that it be served over a period of time, where so warranted.[1] Such an order can provide both individual *98 deterrence and incentive to a probationer to do more than merely honor the minimum requirements expected of him while on probation. The defendant's progress can be monitored during the period of the stay of the custodial aspect or while serving the custodial aspect over a period of time following sentencing, and if his conduct and extraordinary progress warrant reduction of sentence, the custodial aspect can be reduced in whole or part. Of course, if defendant violates the conditions of probation a violation proceeding can be commenced, and defendant may be subject to resentencing. See N.J.S.A. 2C:45-3. It is not suggested that the custodial aspect should or would be reduced in the absence of a violation. However, if defendant earns reconsideration due to extraordinary and exemplary progress while on probation, reduction of the custodial aspect or the remaining balance, in whole or in part, may be warranted. The Code of Criminal Justice permits that reconsideration where warranted. See N.J.S.A. 2C:45-2(b); State v. Robinson, supra.[2]
While this court has ordered "imprisonment" as a condition of probation to be served over a period of evenings or weekends following imposition of sentence, this case warrants the delay in *99 execution of the custodial aspect for six months in order to monitor defendant's continued progress and to see if the custodial aspect should be reduced or vacated in order to permit continued efforts within the A.A. program and incident to ongoing employment opportunities.
NOTES
[1] Of course, a probationary sentence, with "imprisonment" as a condition, must be warranted under the Code of Criminal Justice. See N.J.S.A. 2C:43-2(b)(2), -6, :44-1(a)(b)(d)(e)(f), :45-1(c). See also State v. Hess, 198 N.J. Super. 322 (App.Div. 1984); State v. Jones, 197 N.J. Super. 604 (App.Div. 1984); compare State v. Hodge, 95 N.J. 369 (1984), and note the deviation of the maximum period which may be imposed as compared with the presumptive term for the degree of crime. The offenses involved in this matter are all of the third and fourth degree and the probationary sentence was warranted for the reasons noted.
[2] In evaluating the history of R. 3:21-10, it must be remembered that there was no custodial aspect of probation prior to the effective date of the Code of Criminal Justice. Compare N.J.S.A. 2A:164-16 (now repealed). The ability to reduce the "imprisonment" as a condition of probation "at any time" thus arises by virtue of the Code and the contemporaneous adoption of R. 3:21-10(b)(4). See State v. Robinson, supra. This opinion is not the occasion to address the burden or necessary showing which must be made to warrant a reduction of the custodial aspect of probation. But see R. 3:21-10(c) regarding procedure, and as aspects of this case involve alcohol abuse, see also R. 3:21-10(b)(1) and the cases decided thereunder.