214 N.J. Super. 473 (1987)
519 A.2d 946
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
DAVID PARTUSCH, JR., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted December 3, 1986.
Decided January 7, 1987.
*475 Before Judges FURMAN, SHEBELL and STERN.
John A. Kaye, Monmouth County Prosecutor, attorney for appellant (Mark P. Stalford, Assistant Prosecutor, of counsel and on the letter brief and reply brief).
Falvo, Bonello, Moriarty & Steiger, attorneys for respondent (Charles M. Moriarty on the letter brief).
The opinion of the court was delivered by STERN, J.A.D.
The State appeals from a noncustodial probationary sentence imposed after defendant pled guilty to sexual assault, N.J.S.A. 2C:14-2b, as part of a negotiated plea involving a downgrade from second degree to third degree for purposes of sentencing. Other counts of the indictment were dismissed. At the time of the plea, defendant admitted touching the breasts and vagina of the victim on various occasions while she was between the ages of 7 and 11 and he was between 22 and 25.
N.J.S.A. 2C:44-1f(2) provides:
In cases of convictions for crimes of the first or second degree where the court is clearly convinced that the mitigating factors substantially outweigh the aggravating factors and where the interest of justice demands, the court may sentence the defendant to a term appropriate to a crime of one degree lower than that of the crime for which he was convicted. If the court does impose *476 sentence pursuant to this paragraph, or if the court imposes a noncustodial or probationary sentence upon conviction for a crime of the first or second degree, such sentence shall not become final for 10 days in order to permit the appeal of such sentence by the prosecution. [Emphasis added]
N.J.S.A. 2C:44-1f(2) permits an appeal by the State from a noncustodial or probationary sentence imposed for crimes of the first or second degree whether or not the sentence is imposed on downgrade. The negotiated recommendation of downgrade for sentencing purposes does not prevent the State's appeal, as defendant contends. The State is precluded from appealing a noncustodial or probationary sentence imposed on a first or second degree crime, as part of the recommendation for downgrade, only when it recommended the sentence imposed or a lesser sentence, waived its right to take a position at sentencing, or waived its right to appeal. See State v. Ferrara, 197 N.J. Super. 1, 2 (App.Div. 1984); State v. Paterna, 195 N.J. Super. 124 (App.Div. 1984). Here, however, the State did not recommend a maximum sentence, and the judge after downgrade did not impose a sentence within the range for a third degree crime, N.J.S.A. 2C:43-6a(3). The above quoted statute, N.J.S.A. 2C:44-1f(2), permits an appeal by the State from a probationary sentence (including one with a condition involving imprisonment of up to 364 days, N.J.S.A. 2C:43-2b(2); 2C:45-1c or a noncustodial sentence, and the State can argue that notwithstanding its recommendation for downgrade, it nevertheless expected that the custodial sentence imposed would be within the range for a third degree crime. On downgrade from second to third degree, a four year custodial term is the "presumptive" sentence. See N.J.S.A. 2C:44-1f(1).
The presumption against imprisonment does not apply on the downgrade from second to third degree for sentencing purposes. State v. Rodriguez, 179 N.J. Super. 129 (App.Div. 1981). Rather, the presumption of imprisonment embodied in N.J.S.A. 2C:44-1d applies because the defendant remains "convicted" of a second degree crime when sentenced as a third *477 degree offender under N.J.S.A. 2C:44-1f(2). N.J.S.A. 2C:44-1d provides:
Presumption of imprisonment. The court shall deal with a person who has been convicted of a crime of the first or second degree by imposing a sentence of imprisonment unless, having regard to the character and condition of the defendant, it is of the opinion that his imprisonment would be a serious injustice which overrides the need to deter such conduct by others.
See State v. Kreidler, 211 N.J. Super. 276, 277 (App.Div. 1986). See also State v. Hodge, 95 N.J. 369 (1984); State v. Roth, 95 N.J. 334 (1984); State v. Gerstofer, 191 N.J. Super. 542 (App. Div. 1983), certif. den. 96 N.J. 310 (1984). As the trial court did not consider the presumption of imprisonment or find it was overcome, we must remand for resentencing. We anticipate that the trial court may consider imposition of a probationary sentence with a custodial aspect on remand. Therefore we address whether the presumption of imprisonment can be satisfied by such a sentence in this case.
There is, at present, a split of authority with respect to whether the presumption of imprisonment is satisfied by a probationary sentence with a custodial term. Compare State v. Kreidler, supra, and State v. Whidby, 204 N.J. Super. 312 (App.Div. 1985) with State v. Jones, 197 N.J. Super. 604 (App. Div. 1984). See also State v. Daniels, 195 N.J. Super. 584 (App.Div. 1984). The issue is now pending before the Supreme Court, see State v. O'Connor, 103 N.J. 461 (1986).
We express our view, for purposes of this appeal, that the presumption is satisfied by imposition of a probationary sentence with imprisonment as a condition thereof, and assume so for several reasons. First, from a literal reading of the Code of Criminal Justice, the word "imprisonment" is found in relevant sections concerning both the presumption and conditions of probation. See N.J.S.A. 2C:43-2b(2); 2C:44-1d; 2C:45-1c.[1] *478 Similarly, the presumption against incarceration, embodied in N.J.S.A. 2C:44-1e, refers to "imprisonment," and a first offender guilty of a third degree or less serious offense and thus entitled to the presumption against imprisonment may not be sentenced to a custodial term as a condition of probation unless the presumption is overcome. See State v. Hess, 198 N.J. Super. 322 (App.Div. 1984); but see State v. Hartye, 208 N.J. Super. 319 (App.Div. 1986), certif. granted, 104 N.J. 410 (1986). The Hess conclusion is unimpeachable in our judgment because it is inconceivable that a defendant could be required to serve up to 364 days as a condition of probation without necessary reference to the presumption against imprisonment, whereas a defendant could not be given a specific term sentence of even one day on a Title 24 offense or fourth degree crime without the presumption against imprisonment being overcome. See N.J.S.A. 2C:43-1; 2C:43-2; 2C:43-6a. Moreover, N.J.S.A. 2C:44-1f(2) gives the State the right to appeal from a noncustodial or probationary sentence imposed on a first or second degree crime. It is clear that the Legislature intended to give the State the right to appeal from a probationary sentence imposed on a first or second degree crime when "imprisonment" is included as a condition. The Legislature must have contemplated that a sentencing judge could legally impose "imprisonment" as a condition of probation for a first or second degree crime, although the State would have a right to challenge such a sentence as too lenient.[2]
*479 Proceeding, therefore, on the assumption that the custodial aspect of probation satisfies the presumption, we nevertheless find that any probationary sentence would be inadequate in this case. The sentencing judge found that the mitigating factors substantially outweighed the aggravating, and he necessarily made that determination in downgrading from second degree to third degree. However, the presumption of imprisonment must still be recognized, and, in any event, our review of the record leads us to conclude that the mitigating factors do not justify such a deviation from the presumptive term for a second degree offense, so as to permit imposition of a probationary sentence. Where imprisonment is warranted, or the presumption of imprisonment is not overcome, reference must be made to N.J.S.A. 2C:44-1f(1) which sets out the presumptive sentence. See State v. Roth, supra, 95 N.J. at 359. We believe that the differences in approach taken by our colleagues in State v. Whidby and State v. Kreidler, on the one hand, and State v. Jones, on the other, may not be as great as they initially appear. Rather, we believe that the propriety of a probationary sentence for a first or second degree crime should be evaluated based on deviation from the presumptive term for the crime for which defendant has been convicted, cf. State v. Postal, 204 N.J. Super. 94, 98, n. 1 (Law Div. 1985), and that the deviation from the seven year presumptive sentence for a second degree crime on downgrade in this case violated the sentencing guidelines embodied in the Code of Criminal Justice. See State v. Roth, supra, 95 N.J. at 356-361, 364-366.
*480 Given that evaluation in this case, we conclude that a sentence below the minimum embodied in the range for a third degree offense is inappropriate. While the mitigating factors substantially outweighed the aggravating, that balancing may justify the reduction of a seven year presumptive term for a second degree crime to the middle or perhaps the bottom of the range for a third degree crime. However, there are still aggravating factors, including the need to deter the defendant and others in the community who learn about the offense and the sentence imposed. The imposition of a probationary sentence in this setting is inappropriate under the Code guidelines. See State v. Roth, supra, 95 N.J. at 358; State v. Gerstofer, supra, 191 N.J. Super. at 546-547.
Moreover, in this case defendant was found to fall within the purview of the sex offender program and to be in need of specialized treatment. See N.J.S.A. 2C:47-3. The sentencing judge apparently concluded that out-patient psychological treatment as a condition of probation sufficed. See N.J.S.A. 2C:47-3c. Such treatment as an out-patient could be rendered while defendant is on probation whether or not he must also serve a custodial aspect of the probationary sentence. However, the judge did not consider the impact of the presumption of imprisonment with respect to the finding of the diagnostic unit that he was a sex offender. But see State v. Hamm, 207 N.J. Super. 40 (App.Div. 1986) (sustaining custodial sentence to Avenel for treatment). See also State v. Chapman, 95 N.J. 582 (1984) (permitting a sentence to general prison population notwithstanding the recommendation for treatment).
Accordingly, the judgment under review is reversed, and the matter is remanded to the Law Division for resentencing. At resentencing the judge must consider both the impact of the presumption of imprisonment and the Avenel report and must impose a custodial sentence, consistent with the downgrade, to Avenel or the general prison population.
NOTES
[1] We recognize that N.J.S.A. 2C:44-1d, dealing with the presumption of imprisonment, refers to "a sentence of imprisonment," and that N.J.S.A. 2C:43-6a and 2C:44-1f(1) set out the ranges, in terms of years, with respect to "a sentence of imprisonment." See State v. Kreidler, supra; State v. Whidby, supra; N.J.S.A. 2C:44-1f(1).
[2] State v. Whidby suggests that a probationary sentence for a second degree crime is illegal unless the presumption of imprisonment is overcome. Cf. State v. Roth, supra, 95 N.J. at 360 referring to a probationary or noncustodial sentence as exercise of the "residuum of discretion under 2C:44-1(d)." However, it cannot be said that N.J.S.A. 2C:44-1f(2) was designed to permit appeals by the State from illegal sentences or in instances where the presumption is overcome because the presumption of imprisonment was not adopted or clarified until two years after N.J.S.A. 2C:44-1f(2) was adopted. See State v. Hodge, supra 95 N.J. at 374. The adoption or clarification of the presumption in 1981 indicated more strongly the legislative intent with respect to sentencing on first or second degree crimes, but it did not affect the determination that "imprisonment" as a condition of probation was "imprisonment." In fact, the Legislature adopted no statutory provision to prohibit the imposition of "imprisonment" as a condition of probation or a probationary sentence except for certain offenses such as those embodied in the Graves Act, N.J.S.A. 2C:43-6c. See also N.J.S.A. 2C:11-3; 2C:14-6.