STATE OF NEW JERSEY v. MARIO V. WILLIAMS, DEFENDANT.

Superior Court of New Jersey
Law Division (Criminal)
Atlantic County

Decided March 4, 1988.

*John Tumelty,* Assistant Prosecutor, for the State of New Jersey (*Jeffrey S. Blitz,* Atlantic County Prosecutor).

*Peter Bruso* for defendant (*Jacobs Todd & Bruso, P.A.*).

PERSKIE, P.J.Cr.

Pursuant to the terms of a plea bargain agreement defendant entered a plea of guilty to a charge of possession of cocaine with intent to distribute, a second degree offense in that the

cocaine included at least 3.5 grams of pure free base. *N.J.S.A.* 2C:35–5(a)(2); *N.J.S.A.* 2C:35–5(b)(2). Included within the terms of the plea bargain agreement was a provision that defendant would be sentenced to a term appropriate for a third degree offense. *N.J.S.A.* 2C:44–1(f)(2).

In addition to the general provisions permitting fines for second and third degree offenses, and special provisions for additional fines in certain drug cases, the recently enacted provisions of Chapter 35 of the Criminal Code provide for certain "Mandatory Drug Enforcement and Demand Reduction" (D.E.D.R.) penalties, including specifically a $2,000 penalty for a crime of the second degree and a $1,000 penalty for a crime of the third degree. *N.J.S.A.* 2C:35–15(a).

At issue in this matter is the proper D.E.D.R. penalty to be imposed at sentencing on the said offense, considering that, although the defendant has pleaded guilty to and has been convicted of a second degree offense pursuant to the provisions of a plea bargain agreement which has been accepted by the court, the defendant is to be sentenced as if the crime were one of the third degree. For the reasons which follow it is the conclusion of the court that the mandatory D.E.D.R. penalty applicable to a second degree offense must be imposed as a part of the sentence, notwithstanding the "reduction" of the offense for the purpose of sentencing as allowed by the Criminal Code.

While there is no appellate decision directly on point, a recent opinion with respect to the presumption of imprisonment normally attendant to a second degree crime is instructive. *State v. Partusch,* 214 *N.J.Super.* 473 (App.Div.1987) determined that, when a second degree offense was reduced for purposes of sentencing to a third degree offense, not only did the presumption against imprisonment normally applicable to a third degree offense *not* apply, but "rather, the presumption of imprisonment embodied in *N.J.S.A.* 2C:44–1(d) applies because the defendant remains 'convicted' of a second degree crime when sentenced as a third degree offender under *N.J.S.A.*

2C:44–1(f)(2)." *Partusch,* 214 *N.J.Super.* at 476. See also *State v. O'Connor,* 105 *N.J.* 399 (1987); *State v. Nemeth,* 214 *N.J.Super.* 324 (App.Div.1986). By analogy, then, the "mandatory" penalties applicable to a second degree conviction should be imposed even if the defendant is to be afforded the benefit of the reduction of the possible range of imprisonment to that of a third degree offense.

 The substance and evident purpose of the Comprehensive Drug Reform Act of 1986 (P.L.1987, c. 106) support this interpretation. The D.E.D.R. penalties are made mandatory with respect to each separate offense of which a defendant may be "convicted." In addition, the penalties are required to be imposed for each separate offense for which a defendant is *charged* in the event that the offender is afforded admission into a program of pretrial intervention. *N.J.S.A.* 2C:35–15(a). The obvious import of these provisions is to make the penalties mandatory and graded according to the seriousness of the charge, without reference to any other provision of the sentence to be imposed. "Unlike the penal code provisions with respect to fines, the amount of the monetary penalties is fixed with respect to each degree classification, and the sentencing court has no discretion to impose a penalty in any amount other than that prescribed for the degree offense or offenses for which the defendant was convicted, adjudicated delinquent, or placed in supervisory treatment pursuant to *N.J.S.A.* 2C:43–12." *Commentary to the "Comprehensive Drug Reform Act of 1986,"* Assembly Judiciary Committee Report, November 23, 1987, p. 31. It would be inconsistent with this purpose, and somewhat anomalous, to adopt a construction of the D.E.D.R. penalty provisions that would permit a reduction in the amount of that penalty pursuant to *N.J.S.A.* 2C:44–1(f)(2).

The provisions of the Criminal Code which permit sentencing of a second degree offense as one of the third degree under certain circumstances do not in any way militate against the imposition of mandatory sanctions otherwise imposed within the

Criminal Code. There is nothing in *N.J.S.A.* 2C:44–1 which would in any way suggest that the mandatory language of *N.J.S.A.* 2C:35–15(a) should not apply where, notwithstanding the lower range adopted for sentencing purposes, a defendant stands "convicted" of a second degree offense. Presumably, if the Legislature had intended to do so it could have made D.E.D.R. penalties applicable to offenses for which a defendant was to be "sentenced," rather than those of which he was "convicted." Where this distinction may have significance, such as in cases involving the application of *N.J.S.A.* 2C:44–1(f)(2), the Legislature must be presumed to have understood and intended the effect of the word "convicted."

For the foregoing reasons the sentence in the within matter will include a mandatory D.E.D.R. penalty in the amount of $2,000, appropriate for a conviction of a second degree offense, notwithstanding the agreement by all parties, and the concurrence of the court, to sentence defendant as if the offense were a third degree offense.