230 N.J. Super. 211 (1988)
553 A.2d 70
STATE OF NEW JERSEY
v.
JAMES A. MERRITT, DEFENDANT.
Superior Court of New Jersey, Law Division Union County.
Decided October 21, 1988.
*212 William Kolano, Assistant Prosecutor for the State of New Jersey (John H. Stamler, Esq., Union County Prosecutor).
Robert T. Norton, for Defendant.

OPINION
SACHAR, J.S.C.
Following a jury trial, defendant James A. Merritt was convicted of first degree possession with intent to distribute cocaine, a controlled dangerous substance, in violation of N.J.S.A. 2C:35-5(b)(1). Said statute provides that a person who possesses cocaine or other controlled dangerous substances:
... [I]n a quantity of five ounces or more including any adulterants or dilutants, provided there are included at least 3.5 grams of pure free base drug, is guilty of a crime of the first degree. The defendant shall, except as provided in N.J.S. 2C:35-12, be sentenced to a term of imprisonment by the court. The term of imprisonment shall include the imposition of a minimum term which shall be fixed at, or between, one-third and one-half of the sentence imposed, during which the defendant shall be ineligible for parole. Notwithstanding the provisions of subsection a. of N.J.S. 2C:43-3, a fine of up to $300,000.00 may be imposed. [N.J.S. 2C:35-5(b)(1)]
The initial question is whether the Court can sentence a defendant, who is convicted of a first degree offense, as a second degree offender pursuant to N.J.S.A. 2C:44-1(f)(2):
In cases of convictions for crimes of the first or second degree where the court is clearly convinced that the mitigating factors substantially outweigh the aggravating factors and where the interest of justice demands, the court may sentence the defendant to a term appropriate to a crime of one degree lower than that of the crime for which he was convicted.
*213 N.J.S.A. 2C:1-1(e) of the Code of Criminal Justice provides that, "The provisions of the code not inconsistent with those of prior laws shall be construed as a continuation of such laws." The Official Commentary to the Comprehensive Drug Reform Act of 1986 (Laws 1987, Chapter 106) (hereinafter referred to as the Act) issued by the Assembly Judiciary Committee on November 23, 1987, in referring to said statutory provision of the Code, states that, "This act is not intended to overrule or supersede all current statutory or case law. Rather, this legislation embraces the penal code's general approach ..." Id. at p. 13.
Had the Legislature intended the court's discretion to sentence one degree lower to have been eliminated under the Act, it would have so specified. Where the term of sentence, as well as the mandatory parole ineligibility, is mandated, the Legislature has expressly so stated. For example, in N.J.S.A. 2C:35-6, entitled "Employing a Juvenile in a Drug Distribution Scheme," the Act provides that the defendant shall:
... [E]xcept as provided in N.J.S. 2C:35-12, be sentenced to a term of imprisonment which shall include the imposition of a minimum term which shall be fixed at, or between, one-third and one-half of the sentence imposed, or five years, whichever is greater, during which the defendant shall be ineligible for parole. [Emphasis added.]
See also, N.J.S.A. 2C:35-3, entitled "Leader of Narcotics Trafficking Network," and N.J.S.A. 2C:35-7, entitled "Distributing Drugs on School Property."
For reasons spread on the record on September 16, 1988, the Court is clearly satisfied that the mitigating factors substantially outweigh the aggravating factors in the case at bar. Therefore, in the interest of justice, the Court exercises its discretion under N.J.S.A. 2C:44-1(f)(2) to reduce the degree from first to second for sentencing purposes, in accordance with the general sentencing scheme of the Code of Criminal Justice.
The second question presented is whether the Court must impose a period of parole ineligibility when sentencing the defendant as a second degree offender. A crime of the second *214 degree under N.J.S.A. 2C:35-5(b)(2) does not carry with it a period of parole ineligibility. The discretion of the Court in imposing a period of parole ineligibility is ordinarily governed by N.J.S.A. 2C:43-6(b), which provides:
As part of a sentence for any crime, where the court is clearly convinced that the aggravating factors substantially outweigh the mitigating factors, as set forth in subsections a. and b. of 2C:44-1, the court may fix a minimum term not to exceed one-half of the term set pursuant to a maximum period of incarceration for a crime set forth in any statute other than this code, during which the defendant shall not be eligible for parole;
However, the Code is in conflict with the Act's imposition of a period of parole ineligibility for a defendant convicted of a first degree offense under N.J.S.A. 2C:35-5(b)(1). It was the clear intent of the Legislature that the prosecutor and not the Court exercise the right to modify the period of parole ineligibility mandated for first degree offenders.
A number of the most serious offenses defined in this act require the imposition of mandatory terms of imprisonment and mandatory terms of parole ineligibility. These mandatory terms can only be waived or reduced pursuant to a negotiated plea or post conviction agreement with the prosecuting authority. It is essential in drug cases that prosecutors be able to secure the cooperation (in the form of confidential information and testimony) of certain lower and middle level offenders to be able to identify, apprehend, prosecute and convict the more culpable, higher echelon members in a given drug distribution network. [Official commentary, supra, at 26.]
This conclusion is in accord with the canons of statutory construction: "... [I]n seeking to discover the legislative intent, the statute must be read in the light of the old law, the mischief sought to be eliminated and the proposed remedy...." Brewer v. Porch, 53 N.J. 167, 174 (1969) (citations omitted).
The discretion of the Court in treating a first degree offender as a second degree offender for sentencing purposes, while retaining a period of parole ineligibility as mandated for conviction of a first degree offense, is consistent, by analogy, with judicial interpretations of other provisions of the Act. State v. Partusch, 214 N.J. Super. 473 (App.Div. 1987) involved the dropping of a sentence from second to third degree and the applicability of the presumption of imprisonment. The Court held that "the presumption of imprisonment embodied in N.J.S. *215 A. 2C:44-1(d) applies because the defendant remains `convicted' of a second degree crime when sentenced as a third degree offender under N.J.S.A. 2C:44-1(f)(2)." Partusch, 214 N.J. Super. at 476-77. Thus, it is the degree of the conviction that governs such mandatory requirements as the presumption of imprisonment, and not the degree for sentencing purposes. State v. O'Connor, 105 N.J. 399 (1987). State v. Williams, 225 N.J. Super. 462 (Law Div. 1988) involved a reduction of sentence from second to third degree. This case, however, dealt with another type of mandatory requirement, the imposition of "Mandatory Drug Enforcement and Reduction" penalties embodied in N.J.S.A. 2C:35-15(a). The trial court determined that, "the mandatory D.E.D.R. penalty applicable to a second degree offense must be imposed as part of the sentence, notwithstanding the `reduction' of the offense for the purpose of sentencing as allowed by criminal code." Williams, 225 N.J. Super. at 464.
For the above mentioned reasons, the Court sentences the defendant, James A. Merritt, to the custody of the Commissioner of the Department of Corrections for a term of six (6) years and until released in accordance with law. During the first two (2) years of said term, the defendant shall not be eligible for parole. The Court imposes the mandatory D.E.D.R. penalty of $3,000.00, a forensic laboratory fee of $50.00, a V.C.C.B. penalty of $30.00 and suspension of defendant's driver's license for a term of two (2) years. The defendant is given credit for 106 days spent in jail. Pursuant to N.J.S.A. 2C:44-1(f)(2), this sentence shall not become final for ten (10) days.