620 A.2d 445

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, CROSS–APPELLANT, v. LINNETTE E. BARBER, DEFENDANT–APPELLANT, CROSS–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted January 6, 1993—Decided February 10, 1993.

Before Judges KING and THOMAS.

*Zulima V. Farber,* Public Defender of New Jersey, attorney for appellant (*Robert L. Sloan,* Assistant Deputy Public Defender, of counsel and on the brief).

*Richard C. Hare,* Warren County Prosecutor, attorney for respondent (*Frank J. Bucsi,* Chief Assistant Prosecutor, on the brief).

The opinion of the court was delivered by

KING, P.J.A.D.

There is one significant issue raised on this appeal. The sentencing judge downgraded or reduced defendant Linnette Barber's conviction of possession of cocaine (three kilograms), with intent to distribute, *N.J.S.A.* 2C:35–5(b)(1), a first-degree offense, to a second-degree offense for purposes of sentencing pursuant to *N.J.S.A.* 2C:44–1(f)(2). However, the sentencing judge refused to impose a period of parole ineligibility as part of the five-year State Prison sentence for the second-degree offense. The State has cross-appealed from the downgrading and the refusal to impose a period of parole ineligibility. We conclude that the State is correct, in part, on the cross-appeal and remand for resentencing because of the failure to impose a parole disqualifier with the downgraded five-year base sentence.

Defendant Linnette E. Barber was convicted of possession of cocaine and possession of cocaine with intent to distribute. She was sentenced to five years in prison for possession with intent to distribute and to a three-year concurrent term for simple possession. On this appeal, defendant asserts: (1) that the judge should have instructed the jurors that they had to find beyond a reasonable doubt that defendant possessed the quantity of five or more ounces of cocaine before concluding that defendant was guilty of possession of cocaine with intent to distribute; (2) that the judge should not have continued the trial in defendant's absence due to illness; (3) that the search of defendant's vehicle violated her right to be free from unreasonable searches and seizures; (4) that the prosecutor made improper comments in summation on the jurors' duty to convict; and (5) that defendant's convictions for possession of cocaine

and possession with intent to distribute should be merged. On the cross-appeal, the State asserts that the judge erred in sentencing defendant as a second-degree offender to a five-year prison term on her conviction for first-degree possession of cocaine with intent to distribute without any parole disqualifier.

We conclude that the appeal is clearly without merit except the merger point and we affirm the conviction. *R.* 2:11–3(e)(2). We modify and merge Counts I and II. As first noted, we conclude that the cross-appeal is meritorious, in part; we reverse and remand for resentencing for failure to impose a parole disqualifier.

[This section is deleted from the published opinion at the direction of the Panel because the issues did not meet the standards for publication. *See R.* 1:36–2.]

For a conviction of first-degree possession of cocaine with intent to distribute:

. The defendant shall, except as provided by *N.J.S.* 2C:35–12, be sentenced to a term of imprisonment by the court. *The term of imprisonment shall include the imposition of a minimum term which shall be fixed at, or between, one-third and one-half of the sentence imposed,* during which the defendant shall be ineligible for parole. [*N.J.S.A.* 2C:35–5(b)(1); emphasis added.]

The judge may sentence a defendant to a term based on one degree lower than the conviction under *N.J.S.A.* 2C:44–1(f)(2) which provides: "In cases of convictions for crimes of the first or second degree where the court is clearly convinced that the mitigating factors substantially outweigh the aggravating factors and where the interest of justice demands...."

[Deleted by the Panel.]

The State contends that the judge erred in failing to impose a period of parole ineligibility. Because first-degree possession with intent to distribute requires a period of parole ineligibility, the State says that the judge was required to impose a period of parole ineligibility despite downgrading the sentence to a second-degree offense and imposing a five-year term. We think that the parole-ineligibility term was required by *N.J.S.A.*

2C:35–5(b)(1) ("shall include the imposition of a minimum term" without parole eligibility.)

This precise question was addressed by Judge Sachar in *State v. Merritt,* 230 *N.J.Super.* 211, 553 *A.*2d 70 (Law Div. 1988), where the defendant was convicted of first-degree possession of cocaine with intent to distribute. The judge was clearly satisfied that the mitigating factors substantially outweighed the aggravating factors, and exercised his discretion under *N.J.S.A.* 2C:44–1(f)(2) to reduce the degree from first to second for sentencing purposes. *Id.* at 213, 553 *A.*2d 70. The judge then considered whether he was required to impose a period of parole ineligibility because a second-degree crime under *N.J.S.A.* 2C:35–5(b)(2) does not carry with it a period of parole ineligibility. *Id.* at 213–14, 553 *A.*2d 70. On the other hand, for first-degree crimes under *N.J.S.A.* 2C:35–5(b)(1), the statute mandates that the prison term "shall include the imposition of a minimum term which shall be fixed at, or between, one-third and one-half of the sentence imposed, during which the defendant shall be ineligible for parole."

Judge Sachar found: "The discretion of the Court in treating a first degree offender as a second degree offender for sentencing purposes, while retaining a period of parole ineligibility as mandated for conviction of a first degree offense, is consistent, by analogy with judicial interpretations of other provisions of the [Comprehensive Drug Reform Act of 1986]." *Id.* at 214, 553 *A.*2d 70. He relied on *State v. O'Connor,* 105 *N.J.* 399, 522 *A.*2d 423 (1987), *State v. Partusch,* 214 *N.J.Super.* 473, 519 *A.*2d 946 (App.Div.1987), and *State v. Williams,* 225 *N.J.Super.* 462, 542 *A.*2d 964 (Law Div.1988), to support his conclusion that the period of parole ineligibility was still mandatory. 230 *N.J.Super.* at 213–14, 553 *A.*2d 70.

In *O'Connor, supra,* 105 *N.J.* at 402, 522 *A.*2d 423, the defendant entered a plea of guilty to a charge of aggravated arson, a second-degree offense, but in the plea agreement, the State agreed to recommend that the defendant be sentenced as a third-degree offender. The threshold issue was whether to

apply the presumption of imprisonment for second-degree crimes under *N.J.S.A.* 2C:44–1(d) or the presumption of non-imprisonment for third-degree crimes under *N.J.S.A.* 2C:44–1(e). *Id.* at 403, 522 *A.*2d 423. Based on the "convicted of a crime" language in each provision the Supreme Court ruled that "the applicable presumption is to be determined not by the sentence imposed but by the offense for which a defendant is convicted." *Id.* at 404–05, 522 *A.*2d 423. As further support, the Court relied on the "offense-oriented philosophy" of the Code's sentencing provisions which focus on the gravity of the offense and not the blameworthiness of the offender. *Id.* at 405, 522 *A.*2d 423, citing *State v. Roth*, 95 *N.J.* 334, 355, 471 *A.*2d 370 (1984). The Supreme Court concluded that "the crime committed should control which presumption will govern the legality of a sentence." 105 *N.J.* at 405, 522 *A.*2d 423.

In *Partusch, supra,* 214 *N.J.Super.* 473, 519 *A.*2d 946, the trial judge downgraded, for purposes of sentencing, defendant's conviction from second-degree to third-degree sexual assault and imposed only a noncustodial probationary sentence. On appeal, we held that "the presumption of imprisonment [for second-degree crimes] embodied in *N.J.S.A.* 2C:44–1d applies because the defendant remains 'convicted' of a second degree crime when sentenced as a third degree offender under *N.J.S.A.* 2C:44–1f(2)." *Id.* at 476–77, 519 *A.*2d 946. In *Williams, supra,* 225 *N.J.Super.* 462, 542 *A.*2d 964, Judge Perskie of the Law Division addressed the mandatory Drug Enforcement and Reduction penalties and held that the "penalty applicable to a second degree offense must be imposed as part of the sentence, notwithstanding the 'reduction' of the offense for the purpose of sentencing as allowed by the Criminal Code." *Id.* at 464, 542 *A.*2d 964.

There is only one decision from our court considering the Law Division decision in *Merritt.* In *State v. Thomas,* 253 *N.J.Super.* 368, 371, 601 *A.*2d 1174 (App.Div.1992), we cited *Merritt* and adopted its theory for the proposition that the judge's imposition of an even lower prison term and parole

ineligibility period within the range available for a second-degree crime would still satisfy the statutory mandate that a prison sentence and parole ineligibility period be imposed.

In the case before us, we conclude that the judge erred in sentencing defendant to a five-year term without an appropriate period of parole ineligibility of between one-third and one-half of that term as required by *N.J.S.A.* 2C:35–5(b)(1). This mandatory period of parole ineligibility is not eliminated by the judge's exercise of sound discretion to reduce the degree of the crime or deviate downward from the presumptive term.

At this juncture we will not entertain defendant's attempted claim for relief under *N.J.S.A.* 2C:35–12 and its judicial progeny. *See State v. Vasquez*, 129 *N.J.* 189, 195–96, 609 *A.*2d 29 (1992); *State v. Gonzalez*, 254 *N.J.Super.* 300, 309, 603 *A.*2d 516 (App.Div.1992); *see also State v. Lagares*, 127 *N.J.* 20, 601 *A.*2d 698 (1992). Such relief should be sought on the remand for resentencing.

The convictions on appeal are affirmed as modified; the convictions on Counts I and II are merged; reversed in part on the cross-appeal and remanded for resentencing as to the failure to impose a parole disqualifier as part of the sentence.