198 N.J. Super. 322 (1984)
486 A.2d 1301
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
KENNETH C. HESS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 28, 1984.
Decided December 14, 1984.
*325 Before Judges MATTHEWS and COHEN.
Joseph G. Czarnecki, designated counsel, argued the cause for appellant (Joseph R. Rodriquez, Public Defender, attorney).
Ann McKeon, Deputy Attorney General, argued the cause for respondent (Irwin I. Kimmelman, Attorney General, attorney; Steven Kaflowitz, Deputy Attorney General, of counsel and on the letter brief).
The opinion of the court was delivered by RICHARD S. COHEN, J.A.D.
Defendant was indicted for sexual assault by touching the penis of an 11 year old boy, in violation of N.J.S.A. 2C:14-2(b). That section prohibits, as a second degree crime, sexual contact with a victim under 13 years old by a person at least four years older than the victim. Defendant moved for admission into the pretrial intervention ("PTI") program over the objection of the county prosecutor. The assignment judge denied the motion because of the prosecutor's objection. Defendant then entered a plea of guilty to an accusation charging him with violating N.J.S.A. 2C:24-4(a). That section prohibits, as a third degree crime, sexual conduct by a person who has assumed responsibility for the care of a child which would impair or debauch the morals of the child. As part of a plea agreement, the prosecutor *326 dismissed the indictment and made no sentence recommendation. The court sentenced defendant to 18 months' probation with a condition that he serve 30 days in the county jail. A motion for reconsideration of sentence was made and denied.
On appeal, defendant makes two arguments. The first is that the trial court erred in denying his motion for admission into the PTI program. The second is that his sentence was improper. For the reasons that follow, we affirm.
The trial court was correct in denying defendant's application for admission into PTI. Such applications may ordinarily be granted only with the consent of the county prosecutor. An application may be granted without such consent only if defendant can clearly and convincingly establish that the prosecutor's objection was a patent and gross abuse of discretion. State v. Dalglish, 86 N.J. 503, 508 (1981). Defendant's burden is a heavy one. Judicial review of the prosecutor's decision is narrowly limited and is available to check only the most egregious examples of injustice and unfairness. State v. Leonardis (II), 73 N.J. 360, 380-384 (1977).
Here, defendant has not shown that the prosecutor failed to consider all relevant factors, or that he considered inappropriate factors or that he committed a clear error of judgment. See State v. Bender, 80 N.J. 84, 93 (1979). The factors he considered most important were that defendant, a teacher and camp director, was said by an 11 year old boy to have disrobed before the boy and masturbated to climax, masturbated the boy to erection and unsuccessfully solicited the boy to engage with him in further sexual contact. State v. Litton, 155 N.J. Super. 207 (App.Div. 1977). See State v. Humphreys, 89 N.J. 4, 12-13 (1982). Later, the boy said, defendant urged him not to reveal to his mother what had occurred. Defendant's version of the incident was less inculpatory, but the prosecutor was not obliged to choose it over the child's account. The prosecutor's decision to deny PTI was not, in the circumstances, a patent and gross abuse of his discretion and was properly treated by the court as requiring denial of PTI.
*327 Defendant's second argument relates to his sentence. He says the trial court erred in imposing a term of imprisonment and ignoring the presumption of non-incarceration to which he was entitled. The State responds that a 30 day workhouse sentence that is imposed as a condition of probation is not a term of imprisonment but that, if it is, the presumption of non-incarceration was overcome in this case by the need for a jail sentence for the protection of the public.
A person convicted of a first or second degree crime must serve a term of imprisonment unless the court, having regard to the character and condition of the defendant, concludes that imprisonment would be a serious injustice which overrides the need to deter such conduct by others. N.J.S.A. 2C:44-1(d). A first offender convicted of less than a second degree crime will not receive a
... sentence of imprisonment unless, having regard to the nature and circumstances of the offense and the history, character and condition of the defendant, [the court] is of the opinion that his imprisonment is necessary for the protection of the public under the criteria set forth in subsection a.
N.J.S.A. 2C:44-1(e). The "subsection a" referred to in the quoted section is the list of nine aggravating circumstances which a court is obliged to consider in determining the appropriate sentence to impose. N.J.S.A. 2C:44-1(a). Subsection b is the list of thirteen mitigating circumstances which a sentencing court may properly consider. N.J.S.A. 2C:44-1(b).
A sentencing court may ordinarily incarcerate a person convicted of crime in one of two ways. The first is by a sentence of "imprisonment ... for a specific term of years ..." within the range established by N.J.S.A. 2C:43-6, or as extended by N.J.S.A. 2C:43-7. The second is by a
sentence ... as follows:
(1) ...
(2) to be placed on probation and, in the case of a person convicted of crime, to imprisonment for a term fixed by the court not exceeding 364 days to be served as a condition of probation....
N.J.S.A. 2C:43-2(b)(2). See, also, N.J.S.A. 2C:45-1(c).
A sentence of imprisonment, however short, imposed as a condition of probation, is a sentence of imprisonment as that *328 term is used in N.J.S.A. 2C:44-1(e). The provisions that authorize incarceration as a condition of probation, N.J.S.A. 2C:43-2(b)(2) and N.J.S.A. 2C:45-1(c), use the same statutory language as the provision that creates the presumption of non-in-carceration for first offenders convicted of less than a second degree crime. N.J.S.A. 2C:44-1(e). There is no reason to suppose the legislature intended two different meanings in identical language simultaneously enacted.
We hold, therefore, that a first offender convicted of less than a second degree crime may not be incarcerated as a condition of probation unless the sentencing court finds, under the conditions expressed in N.J.S.A. 2C:44-1(e), that imprisonment is necessary for the protection of the public.
The element that most troubled the trial court was what the court described as defendant's "rationalization" of the criminal event. Throughout his contacts with police investigators, psychological counselors, probation officers and the court, defendant ascribed his conduct to lofty motives and portrayed it as praiseworthy. He wished, he said, to further the boy's education and answer his questions about reproduction. He felt it was his duty to do so. He admitted bad judgment only in his choice of educational means.
And yet, defendant related that he was director of a church camp and that, on the day in question, after the rest of the children and adults had left the camp, he and an 11 year old boy stayed behind to clean up the area. He conceded that he disrobed before the boy in a cabin, removed the boy's underclothing and manipulated himself and the boy to erection. He denied ejaculating and denied soliciting further sexual contact.
The sentencing judge identified the aggravating circumstances that persuaded him that a short period of incarceration was necessary. He was particularly concerned with the risk of defendant's committing another like offense because of his *329 failure to appreciate its gravity and with the need to deter defendant and others by imposing a sentence that demonstrated the court's concern.
The sentencing judge further explained:
Mr. Hess, but for this attitude, this placing your motives on a lofty plane, I would opt for a straight period of probation. But because of the problem that this rationalization creates for me I am going to require a minimal amount of county jail time as a condition of your probation, and when you are in the county jail it will be a very short period of time, it will be 30 days, and it will start on January 3rd. I want you to consider whether despite the arrogance of your rationalization of this act you are any different than some of the people you will meet in the county jail. I suggest some of the people you will meet in the county jail are perhaps a little bit more honest about what they have done and why they have done it. The minimal burglar, the thief, the guy that has a drug problem.
In denying defendant's motion for reconsideration of sentence, the trial judge further said:
there is a provision in the statute which creates . .. a presumption of non-incarceration which in my opinion was rebutted in this case because of the aggravating factors outweighing the mitigating factors and because in my opinion some incarceration is necessary to get Mr. Hess's attention to deter him. That is to strengthen his resolve to stay away from this kind of activity. Therefore, incarceration was necessary to protect the public in the future, .. .
We are satisfied that the sentencing court applied correct legal principles and that it did not abuse its discretion. State v. Roth, 95 N.J. 334, 363-365 (1984). A court may impose a term of imprisonment for up to 364 days as a condition of probation for less than a second degree crime. Supporting such a sentence must be a determination that imprisonment is necessary for the protection of the public under the guidelines furnished by the aggravating circumstances of N.J.S.A. 2C:44-1(a). State v. Roth, 95 N.J. 334, 357 (1984). Particular attention is referred by the statute to the nature and circumstances of the offense and the history, character and condition of the defendant. The court may consider mitigating circumstances in determining the length of the term of imprisonment. N.J.S.A. 2C:44-1(b).
"Protection of the public" extends beyond safeguarding the public against physical danger. It includes adoption of means to protect the public against repetition of an offense resulting *330 from depreciation of its gravity on the part of the defendant or others. There are times when a weighing of the aggravating and mitigating circumstances militate against a sentence of imprisonment for a term within the range required by N.J.S.A. 2C:43-6(a). There may, nevertheless, be good reason in individual cases why the court should have the opportunity to impose a shorter term of incarceration for the protection of the public.[1] It may lie in the need for brief punishment, in the need to affect the attitude of the defendant, in the need for an expression of public condemnation of the offense or in a host of other circumstances surrounding the individual case. Such a case is presented where a defendant abuses a sensitive position of trust by engaging in wholly inappropriate sexual activity with a child and, even after psychological counselling, shows little appreciation of the seriousness of his actions. In such a case, a brief term of incarceration as a condition of probation is not beyond the authority of the sentencing court.
Affirmed.
NOTES
[1] The authority to impose a term of imprisonment of up to 364 days as a condition of probation under N.J.S.A. 2C:44-1(e) does not reduce the expressed minimum terms for which sentences of imprisonment may be imposed under N.J.S.A. 2C:11-3, 2C:43-6, 7, 8 or 2C:44-5.