197 N.J. Super. 615 (1984)
485 A.2d 1069
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
FRANK LINK, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted November 20, 1984.
Decided December 24, 1984.
*617 Before Judges PRESSLER, BRODY and HAVEY.
Joseph H. Rodriguez, Public Defender, attorney for appellant (Edward Kopelson, Assistant Deputy Public Defender, of counsel and on the letter brief).
George L. Schneider, Essex County Prosecutor, attorney for respondent (Elizabeth A. Duelly, Assistant Essex County Prosecutor, of counsel and on the letter brief).
The opinion of the court was delivered by BRODY, J.A.D.
*618 Defendant was sentenced for three third-degree crimes based on the verdict of a jury. The offenses occurred in the course of an abortive purse-snatch. He received a five-year prison term for aggravated assault upon a police officer contrary to N.J.S.A. 2C:12-1(b)(5)(a) with two and one-half years of parole ineligibility, a concurrent four-year prison term for tampering with a witness contrary to N.J.S.A. 2C:28-5(a), and a consecutive four-year prison term for attempted theft from the person contrary to N.J.S.A. 2C:20-3(a) and N.J.S.A. 2C:20-2(b)(2)(d). The terms aggregate nine years, two and one-half to be served before parole eligibility. He contends that the trial judge erred in not granting his motion for a new trial based upon the failure of the prosecutor to turn over an alleged exculpatory statement given by the victim. Defendant also contends that the trial judge inadequately charged the jury and imposed a manifestly excessive sentence. We are satisfied that the trial judge erred in the way he arrived at the sentence for aggravated assault. We otherwise affirm.
The victim was not a witness at trial. She lives in New York and declined the prosecutor's request to come to New Jersey to testify. The crimes were proved by the testimony of other eye-witnesses. About a half-year before trial, the victim wrote a letter to the county probation department reciting her recollection of the episode. The letter was solicited as part of the presentence investigation of a co-defendant who had pled guilty to the attempted theft. The contents of the letter were reproduced in defendant's presentence report, where he saw it for the first time. The assistant prosecutor who represented the State at defendant's trial was also unaware of it until it appeared in defendant's presentence report. We agree with the trial judge that the contents of the letter are consistent with the evidence presented by the State at defendant's trial. Defendant was not prejudiced by not having had the letter before trial. See State v. Carter, 91 N.J. 86, 112 (1982).
*619 The victim was on a PATH train, seated by her purse when the co-defendant tried to steal it. Defendant contends that the judge committed plain error by omitting from his charge an instruction that to constitute a "theft from the person" the property stolen must at the time of the theft be "within the immediate custody and control of the victim." State v. Blow, 132 N.J. Super. 487, 491 (App.Div. 1975), certif. den., 68 N.J. 152 (1975). The purse was undeniably in the victim's custody and control when it was taken. As soon as the co-defendant grabbed it, the victim reacted to its loss. "A danger of confrontation between thief and victim was present and the victim's person and privacy were invaded." Id. The omission in this case was harmless.
Defendant concedes that the judge gave the jury an adequate definition of "accomplice." He contends, however, that the judge committed plain error by failing to advise the jury that they could not find him guilty of tampering as an accomplice because the only evidence was that he acted alone. N.J.S.A. 2C:2-6(a) and (b)(3) provide that a person is guilty of an offense if it is committed by his own conduct or by the conduct of an accomplice. Because the only evidence was that defendant acted alone, there was no reason for the trial judge to fear that the jury would convict him as an accomplice and no reason for us to believe that they did.
Defendant's point concerning his sentence for aggravated assault is well taken. The judge imposed a term of five years of imprisonment with two and one-half years of parole ineligibility. That is the maximum sentence for the offense. In departing from the presumptive sentence of four years of imprisonment for this third-degree crime, the trial judge considered as an aggravating factor the fact that the assault was committed upon a police officer. He stated that he would not "tolerate that type of activity."
N.J.S.A. 2C:12-1(b)(5)(a) provides in part:

*620 A person is guilty of an aggravated assault if he . .. [c]ommits a simple assault ... upon [a]ny law enforcement officer acting in the performance of his duties while in uniform or exhibiting evidence of his authority; ...
Had defendant's victim not been a uniformed police officer the assault would have been a mere disorderly persons offense. N.J.S.A. 2C:12-1(a). The Legislature raised the offense to a third-degree crime because the victim was a uniformed police officer performing her duties. N.J.S.A. 2C:12-1(b)(5); 2C:44-1(f). Thus the victim's status as a police officer is the factor which subjected defendant to the presumptive four-year term for a third-degree crime instead of the maximum six-month term for a disorderly persons offense. N.J.S.A. 2C:43-8. The trial judge violated the sentencing strictures of the Code when he based his sentence, more severe than the presumptive one, upon the same fact that the Legislature has determined would be adequately taken into account by the presumptive sentence. See State v. Roth, 95 N.J. 334, 359 (1984); State v. Yarbough, 195 N.J. Super. 135, 143-144 (App.Div. 1984). Where an essential element of a crime is a specific fact, here the police status of the victim, that element may not be used as an aggravating factor to impose a custodial sentence that is longer than the presumptive term or to impose a period of parole ineligibility.
This case must be distinguished from one where the Legislature established as an element of a crime a variety of alternative fact patterns each of which is aggravating to a different degree. An example is so-called felony murder where an essential element is the commission of any one of several "felony" crimes listed in N.J.S.A. 2C:11-3(a)(3). These crimes vary from third-degree criminal escape (N.J.S.A. 2C:29-5(d)) with a sentencing range of three to five years to kidnapping (N.J.S.A. 2C:13-1(c)) with a range of 15 to 30 years. Also, each "felony" crime is subdivided into different grades depending on varying fact patterns; thus a robbery can be a first- or a second-degree crime depending upon whether the actor is armed with a deadly weapon. These variations in the felony element of felony murder permit a sentencing judge to consider *621 the particular felony and the way it was committed as "an aggravating circumstance, as well as an essential element of felony murder...." State v. Rodriguez, 97 N.J. 263, 275 (1984).
We are mindful of defendant's extensive criminal record and the judge's concern that defendant poses a threat of continuing criminal conduct. We therefore do not suggest that the sentence imposed would be excessive if the judge determines that it is warranted by aggravating factors other than the victim's status.
The sentence for aggravated assault is set aside and the matter remanded for a reconsideration of that sentence. The judgment is otherwise affirmed. We do not retain jurisdiction.