208 N.J. Super. 319 (1986)
506 A.2d 1
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
WALTER HARTYE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted November 27, 1985.
Decided February 11, 1986.
*320 Before Judges KING, O'BRIEN and SIMPSON.
Thomas S. Smith, Acting Public Defender of New Jersey, attorney for appellant (Peter B. Meadow, Assistant Deputy Public Defender, of counsel and on the brief).
Irwin I. Kimmelman, Attorney General of New Jersey, attorney for respondent (Greta-Ann Gooden, Deputy Attorney General, of counsel and on the brief).
The opinion of the court was delivered by O'BRIEN, J.A.D.
In this case we address a perceived inconsistency in the New Jersey Code of Criminal Justice (the Code) between the required presumptive sentence and the presumption of nonimprisonment as they apply to gambling sentences, and we disagree with the need for the sentencing judge to find that "imprisonment is necessary for the protection of the public" in order to impose a term of imprisonment as a condition of probation, as ruled in State v. Hess, 198 N.J. Super. 322 (App.Div. 1984).
Defendant appeals from (1) the denial of his motion to suppress evidence obtained pursuant to the New Jersey Wiretapping and Electronic Surveillance Control Act, N.J.S.A. 2A:156A-1 et seq., (2) the amendment of his plea agreement by the trial judge, and (3) the imposition of a custodial term for third-degree offenses, allegedly violating the presumption of nonimprisonment contained in the Code, N.J.S.A. 2C:44-1e. The State cross-appeals from the sentence imposed as violative of the presumptive sentence required by N.J.S.A. 2C:44-1f. We affirm denial of the suppression motion, direct dismissal of the charges as agreed in the plea agreement, vacate the sentences imposed and remand for resentencing.
*321 Defendant entered pleas of guilty to one count in each of two separate multi-count indictments, being numbered S-239-80 and S-127-81. The counts to which he pled each charged him with conspiracy to promote gambling contrary to N.J.S.A. 2C:5-2 and 2C:37-2, third-degree offenses. As part of the plea agreement, the State agreed to move at sentencing to dismiss the remaining charges against defendant contained in both indictments, as well as a count in one of the indictments charging defendant's wife with aiding and abetting. Defendant preserved his right to appeal the denial of his motion to suppress pursuant to R. 3:5-7(d). Defendant was sentenced to concurrent terms of two years in State Prison.
At sentencing, pursuant to the plea agreement, the prosecutor initially moved to dismiss the remaining charges as well as the charge against defendant's wife. However, when defendant indicated his intention to appeal by seeking bail pending appeal, the sentencing judge permitted the prosecutor to withdraw his motion to dismiss the remaining counts, as well as the count against defendant's wife, pending disposition of the appeal. Defendant describes the judge's action as follows: "The sentencing judge agreed to the prosecutor's request and amended the plea agreement by reinstating the dismissed charges pending the outcome of defendant's appeal."
On this appeal, defendant argues: (1) that his motion to suppress evidence obtained by wiretap should have been granted because the supporting affidavit (a) did not establish probable cause, and (b) failed to show that other normal investigative techniques had failed or were reasonably unlikely to succeed; (2) the plea agreement should be vacated because it was not adhered to by the sentencing judge, and (3) that a custodial term should not have been imposed in view of the presumption of nonimprisonment contained in N.J.S.A. 2C:44-1e. As noted, on its cross-appeal the State contends that, having made the decision to impose a sentence of imprisonment, the sentencing judge was obliged to impose the presumptive sentence required by N.J.S.A. 2C:44-1f.
*322 Defendant was arrested on December 4, 1979 on the charges which resulted in Indictment S-239-80. Execution of search warrants on that day uncovered gambling records which implicated defendant and his coconspirators. That arrest arose out of the electronic surveillance of conversations between defendant and Warren DeGroat over a telephone in Union City, New Jersey. The motion to suppress under review did not relate to the evidence obtained on that wiretap.
Subsequent to defendant's arrest the police continued to investigate illegal gambling activities on the part of defendant. This investigation revealed the involvement of Louis E. Cevoli, who operated a delicatessen in Rutherford, New Jersey. Application for an order of authorization to intercept a wire or oral communication pursuant to N.J.S.A. 2A:156A-9 was made to the assignment judge of Bergen County, one of the judges authorized to receive such applications. The application was supported by the affidavit of a senior investigator with the Bergen County Prosecutor's Office. The order authorized the interception of oral communications on two telephones located in Cevoli's Deli and two telephones listed to the residence of Louis Cevoli. It is the evidence obtained through these wiretaps that defendant's motion sought to suppress.[1]
We have carefully reviewed defendant's arguments concerning the denial of his motion to suppress in light of the legal principles involved and affirm the denial of defendant's motion substantially for the reasons stated by Judge John J. Cariddi in his oral opinion on April 5, 1982.
Affirmance of the denial of defendant's motion to suppress makes it unnecessary to discuss the propriety of the ruling by the sentencing judge permitting the State to withdraw its motion to dismiss the remaining charges in the two indictments *323 against defendant, as well as the charge against defendant's wife, as agreed upon by the State in exchange for defendant's pleas. Even if we assume that it was error for the judge to permit withdrawal of the dismissals, the remedy is not vacation of his pleas as urged by defendant, but simply to direct that the additional charges against defendant and his wife be dismissed pursuant to the plea agreement.
The issue presented by defendant's third point and the State's cross-appeal highlights a perceived inconsistency in the Code. Where the crimes are third degree, as in this case,[2]N.J.S.A. 2C:44-1e provides:
The court shall deal with a person convicted of an offense other than a crime of the first or second degree, who has not previously been convicted of an offense, without imposing sentence of imprisonment unless, having regard to the nature and circumstances of the offense and the history, character and condition of the defendant, it is of the opinion that his imprisonment is necessary for the protection of the public under the criteria set forth in subsection a. [Emphasis supplied.]
Thus the sentencing judge must weigh the statutory directive for nonimprisonment against the aggravating circumstances in order to determine whether or not to impose a sentence of imprisonment.
Having applied that criterion, the sentencing judge in this case concluded that imprisonment was necessary. He found that, although these were defendant's first convictions and he had a good family background, he was nevertheless heavily involved in this offense for the purpose of making money in a large-scale operation for which deterrence was required. Although not articulated, the sentencing judge may have found a substantial likelihood that defendant was involved in organized criminal activity. See N.J.S.A. 2C:44-1a(5). However, in view of the *324 mitigating circumstances, the judge imposed concurrent terms of only two years.
It is the State's position that having made the decision to impose a sentence of imprisonment, the provisions of N.J.S.A. 2C:44-1f require the imposition of a presumptive term of four years for these third-degree crimes, "unless the preponderance of aggravating factors or preponderance of mitigating factors ... weighs in favor of higher or lower terms within the limits provided in 2C:43-6," i.e., between three and five years for a third-degree offense. Thus, it is argued, even if the judge concluded that the mitigating factors preponderate, he was still required to impose a sentence of at least three years. We agree that the sentences imposed here do not comply with the requirements of the Code.
Historically, the philosophy of sentencing in gambling cases differed from the traditional concept that punishment should fit the offender as well as the offense. This was fully explained by Chief Justice Weintraub in State v. Ivan, 33 N.J. 197 (1960). Following upon that logic, by administrative directive of the Supreme Court, gambling offenders are sentenced by the assignment judge, or someone specifically designated by him, to the end that sentences be reasonably uniform. See State v. DeStasio, 49 N.J. 247 (1967). The sentencing provisions of the Code represent a radical departure from our prior philosophy of sentencing, as comprehensively explained by Justice O'Hern in State v. Roth, 95 N.J. 334, 347-351 (1984). Thus, as interpreted by our Supreme Court, the "overall thrust" of the Code, in the statutory presumption of imprisonment for those convicted of first and second-degree crimes, focuses "upon the gravity of the offense and not the blameworthiness of the offender." Id. at 355 Yet as to offenses other than those of the first and second degree, the Code "requires the court not to imprison" first-time offenders "unless, using the aggravating factors in 2C:44-1(a) as guidelines, the court feels imprisonment is necessary to protect the public." Id. at 357.
*325 One of the aggravating factors is: "There is a substantial likelihood that defendant is involved in organized criminal activity." N.J.S.A. 2C:44-1a(5). Does the existence of this aggravating factor alone make imprisonment of a first-time offender in a gambling case for the presumptive term, or at least the minimum term, "necessary for the protection of the public" under N.J.S.A. 2C:44-1e? We conclude that it does not in all cases.
This court recently interpreted the phrase "necessary for the protection of the public" in State v. Hess, 198 N.J. Super. 322 (App.Div. 1984), and concluded:
... that a first offender convicted of less than a second degree crime may not be incarcerated as a condition of probation unless the sentencing court finds, under the conditions expressed in N.J.S.A. 2C:44-1(e), that imprisonment is necessary for the protection of the public. [at 328.]
We respectfully disagree with the conclusion of our colleagues. As noted by the Hess court:
There may, nevertheless, be good reason in individual cases why the court should have the opportunity to impose a shorter term of incarceration for the protection of the public. It may lie in the need for brief punishment, in the need to affect the attitude of the defendant, in the need for an expression of public condemnation of the offense or in a host of other circumstances surrounding the individual case. [Footnote omitted.] [198 N.J. Super. at 330.]
We thoroughly agree with those observations, but disagree that it is necessary for the sentencing judge to find that incarceration is necessary for the protection of the public before imposing a term of imprisonment as a condition of probation under N.J.S.A. 2C:43-2b(2) and 2C:45-1c. It is doubtful that imprisonment of a low-level sitter or runner in a gambling organization is "necessary for the protection of the public," particularly in this State where practically all forms of gambling are legally available. Yet, as the Supreme Court said in State v. Ivan, supra:
A fine would be a license fee for the operators, a minor experience in a lucrative venture. A racket cannot be curtailed if fronts and tools are easily available, and they will be unless the price is too high. [33 N.J. at 202-203]
Many persons involved at the lower level of gambling enterprises are first-time offenders with otherwise exemplary backgrounds. *326 This circumstance, coupled with the presumption of nonimprisonment for a third-degree or less offense required by the Code, would strongly support nonimprisonment. However, for the reasons expressed in State v. Ivan, supra, some period of imprisonment may be required, as determined by the sentencing judge in this case. Yet, it does not necessarily follow that the presumptive sentence, or even the mandatory minimum set forth in the Code, should be imposed in all cases. As to some persons performing minor roles in gambling organizations, a relatively short period of incarceration would seem to accomplish the goal, i.e., making it more difficult for organized crime to acquire personnel to operate their lucrative enterprise.
This may appear to suggest an inconsistency in the presumptions in the Code, i.e., the presumption of nonimprisonment for a first-time, third-degree or less offender, vis-a-vis a presumptive term of four years for the third-degree offender or nine months for the fourth-degree offender when a decision to impose a term of imprisonment is made based solely upon the circumstance that there is a substantial likelihood that the defendant is involved in organized criminal activity.
We conclude that there is no inconsistency. Even when the judge assigned to gambling sentences finds that organized crime is undoubtedly operating the gambling enterprise, and some period of imprisonment is necessary, he can sentence the defendant to be placed on probation. Then, in order to comply with the reasoning of State v. Ivan, supra, the judge can attach a term of imprisonment of up to 364 days, as a condition of probation pursuant to N.J.S.A. 2C:43-2b(2) and 2C:45-1c.[3] Contrary to State v. Hess, supra, we conclude that it is not necessary for the court to find that imprisonment "is necessary for the protection of the public" in order to attach a term of *327 imprisonment as a condition of probation.[4] This finding is required only when the court imposes a sentence of imprisonment under N.J.S.A. 2C:44-1e and is not required when the court imposes a sentence of probation under N.J.S.A. 2C:43-2b(2) and imprisonment for a term of up to 364 days as a condition of probation.
On the other hand, if the judge concludes that a sentence of imprisonment is "necessary for the protection of the public" under N.J.S.A. 2C:44-1e, the presumptive sentence must be imposed unless the preponderance of mitigating factors weighs in favor of a lower term, in which event the minimum term for the offense must be imposed under N.J.S.A. 2C:44-1f.
The concurrent two-year terms of imprisonment imposed in this case do not comply with the requirements of the Code. If the sentencing judge made a decision to sentence defendant to a term of imprisonment under N.J.S.A. 2C:44-1e as necessary for the protection of the public, he was required to impose at least the minimum term for the grade of the offense, in this case three years. On the other hand, the judge could have made a decision to impose a term of imprisonment as a condition of probation for reasons such as those stated in State v. Hess, supra, and State v. Ivan, supra. In such a case, the maximum term of imprisonment the judge could impose as a condition to a sentence of probation under N.J.S.A. 2C:43-2b(2) and 2C:45-1c is 364 days.
We affirm as to the denial of defendant's motion to suppress. The sentence is vacated and remanded to the trial judge for reconsideration in light of the observations expressed in this opinion, and for the entry of a judgment dismissing counts five and seven of Indictment S-127-81; and counts ten, eleven, *328 twelve and thirteen of Indictment S-239-80. We do not retain jurisdiction.
NOTES
[1] Defendant's motion to suppress evidence seized at 332 Armstrong Avenue, Jersey City, New Jersey, on November 16, 1980 was granted by the trial judge and no appeal was taken from that order by the State.
[2] The crimes to which this defendant pled were both conspiracies under N.J.S.A. 2C:5-2. Under N.J.S.A. 2C:5-4 a conspiracy is a crime of the same degree as the most serious crime which is the object of the conspiracy. Here the object of the conspiracy was promoting gambling which, under the facts in this case, constituted a crime of the third degree under N.J.S.A. 2C:37-2b(1)(2).
[3] Since such a term would be served in a county jail, this also affords the opportunity for local work release since many of these offenders have families to support who would otherwise require public assistance during periods of incarceration.
[4] Even one convicted of a disorderly persons offense and placed on probation can be imprisoned for a term not exceeding 90 days as a condition of probation, N.J.S.A. 2C:43-2b(2) and 2C:45-1c.