STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. WALTER A. HARTYE, DEFENDANT-APPELLANT.*

Argued October 7, 1986—Decided March 24, 1987.

---

* This case was published in the advance sheet at 105 *N.J.* 399.

*James K. Smith Jr.*, Deputy Public Defender, argued the cause for appellant (*Alfred A. Slocum*, Public Defender, attorney; *James K. Smith, Jr.* and *Peter B. Meadow*, Assistant Deputy Public Defender, on the briefs).

*Greta-Ann Gooden*, Deputy Attorney General, argued the cause for respondent (*W. Cary Edwards*, Attorney General of New Jersey, attorney).

The opinion of the Court was delivered by

STEIN, J.

In this case, as in *State v. O'Connor*, 105 *N.J.* 399 (1987), we consider the relationship between the presumptions of incarceration contained in *N.J.S.A.* 2C:44–1d and 1e and a term of imprisonment imposed as a condition of probation pursuant to

*N.J.S.A.* 2C:43–2 b(2). The specific question presented in this appeal is whether the presumption of non-imprisonment applicable to first-time offenders convicted of third- or fourth-degree crimes precludes the imposition of a term of imprisonment as a condition of probation. The Appellate Division held that such a sentence may be imposed, despite the applicability of the presumption against incarceration. 208 *N.J.Super.* 319 (1986). We agree with that conclusion, and therefore affirm the judgment of the Appellate Division.

I

In January 1983, pursuant to a plea agreement, defendant entered *retraxit* pleas of guilty to two charges of conspiracy to promote gambling, a third-degree offense. *N.J.S.A.* 2C:37–2, 2C:5–2. Defendant also had been indicted on the related charges of third-degree promoting gambling, *N.J.S.A.* 2C:37–2, third-degree possession of gambling records, *N.J.S.A.* 2C:37–3, and fourth-degree maintenance of a gambling resort, *N.J.S.A.* 2C:37–4. The indictments resulted from electronic surveillance of telephone conversations between defendant and several other individuals, in which they discussed the gambling "line" for various sporting events and the collection of gambling debts.

In the plea agreement, the State agreed to move at sentencing to dismiss all charges against defendant other than the two counts of conspiracy to promote gambling, and to seek dismissal of a charge of aiding and abetting brought against defendant's wife. Additionally, the State agreed to recommend that any sentences imposed in connection with the remaining charges be served concurrently. Finally, the agreement provided that the State would not oppose defendant's participation in a work-release program, and would not object to bail pending appeal should defendant decide to contest various pretrial suppression rulings.

On March 11, 1983, defendant was sentenced to concurrent two-year prison terms in connection with the conspiracy counts. Additionally, the sentencing court imposed a fine of $2,000, and

a $25 Violent Crimes Compensation Board penalty. In support of this sentence, the court found the following aggravating circumstances: the fact that "defendant committed [the] crime to make money," that he was "heavily involved [in a] large scale operation," and that this sentence was supported by the "need for deterrence." *N.J.S.A.* 2C:44–1a. The court found as mitigating factors the fact that this was defendant's first conviction, and that he came from a "good family background." *N.J.S.A.* 2C:44–1b.[1]

The Appellate Division vacated defendant's sentence.[2] The court noted that the trial court reasonably could have determined that the presumption of non-imprisonment normally applicable to third-degree offenders, *see N.J.S.A.* 2C:44–1e, had been overcome in this case. 208 *N.J.Super.* at 323. However, it held that the two-year sentences imposed by the trial court were illegal because they fell short of the three-year minimum for third-degree offenses required by *N.J.S.A.* 2C:43–6a. *Id.* at 327. Significantly, the court also ruled that the sentencing judge, on remand, could impose a term of imprisonment of up to 364 days as a condition of probation without a finding that imprisonment is necessary for the protection of the public. *Id.* We granted certification, 104 *N.J.* 410 (1986), because this ruling conflicts with the opinion of two other Appellate Division

---

[1]Initially, the sentencing court also dismissed the remaining charges against defendant, as well as the charge against his wife. However, after pronouncement of sentence, the State moved to retract the dismissals pending disposition of defendant's appeal. Defendant had indicated at sentencing that on appeal, in addition to the suppression rulings, he intended to object to the length of sentence. The State contended that such an appeal violated the terms of the plea agreement, which, it argued, did not contemplate an appeal based on the length of sentence. The court granted the State's motion. The Appellate Division reversed, and ordered entry of a judgment of dismissal on all counts other than conspiracy. 208 *N.J.Super.* at 327–28. The State does not contest this portion of the Appellate Division judgment in this appeal.

[2]The Appellate Division affirmed the trial court's denial of defendant's motion to suppress, 208 *N.J.Super.* at 322, a ruling that defendant does not challenge in the present appeal.

panels, *see State v. Hess,* 198 *N.J.Super.* 322 (1984); *State v. Gardner,* 215 *N.J.Super.* 84 (1987).

## II

As a preliminary matter, we concur with the Appellate Division that the two-year term of imprisonment imposed by the trial court was impermissible under the sentencing provisions of the Code of Criminal Justice. As the Appellate Division acknowledged, defendant's sentence must be initially evaluated in the context of the presumption of non-imprisonment, *N.J.S.A.* 2C:44–1e, which provides that:

> The court shall deal with a person convicted of an offense other than a crime of the first or second degree, who has not previously been convicted of an offense, without imposing sentence of imprisonment unless, having regard to the nature and circumstances of the offense and the history, character and condition of the defendant, it is of the opinion that his imprisonment is necessary for the protection of the public under the criteria set forth in [*N.J.S.A.* 2C:44–1]a.

The Appellate Division observed that the sentencing court, after consideration of the aggravating circumstances listed in its statement of reasons, decided that incarceration was necessary. 208 *N.J.Super.* at 323. The court also noted that "the sentencing judge may have found a substantial likelihood that defendant was involved in organized criminal activity[,]" an aggravating factor under *N.J.S.A.* 2C:44–1a(5). *Id.* However, the trial court imposed only a two-year sentence, possibly because of the mitigating factors present in the case. *Id.* at 323–24.

Under the Code, the presumptive term for a third-degree offense is four years. *N.J.S.A.* 2C:44–1f(1). The sentencing court may increase or decrease the length of sentence where it finds that a preponderance of aggravating or mitigating factors weighs in favor of a higher or lower term. *Id.* However, the sentence imposed in connection with a third-degree crime may not be less than three years, nor more than five, pursuant to *N.J.S.A.* 2C:43–6a(3).

■ We agree with the Appellate Division that if the sentencing court decided that the presumption against incarceration was overcome in this case, then it was bound to sentence defendant within the presumptive range set forth in *N.J.S.A.* 2C:43–6a(3). In our view, this approach is consistent with the Code's policy of enhancing sentencing uniformity through the channeling of judicial discretion. *State v. O'Connor, supra,* 105 *N.J.* at 405–406; *State v. Yarbough,* 100 *N.J.* 627, 635 (1985); *State v. Roth,* 95 *N.J.* 334, 345 (1984). Moreover, a contrary result would leave trial courts free to make sentencing decisions affecting third-degree offenders without regard to the guidelines set forth in *N.J.S.A.* 2C:44–1f(1) and 2C:43–6a (setting out the presumptive terms and presumptive ranges for each grade of offense). As we stated in *State v. O'Connor, supra,* 105 *N.J.* at 405–406, these provisions are essential to the accomplishment of the Code's purpose of reducing the excessive discretion that characterized pre-Code sentencing decisions. Accordingly, we hold that this sentence of two years imprisonment for a conviction of third-degree conspiracy to promote gambling is illegal under the Code.

### III

We now consider the central issue in this case: whether, on remand, a term of imprisonment as a condition of probation may be imposed on defendant if the trial court should determine that the presumption of non-imprisonment has not been overcome. The Appellate Division held that such a sentence is legal under the Code even where the trial court has not found that imprisonment is necessary for the protection of the public. 208 *N.J.Super.* at 325. The court viewed probation, with or without a prison term as a condition, as a different sentence under the Code from a state prison term. *Id.* at 326–27. It concluded that the presumption against incarceration applies only to sentences of imprisonment imposed under *N.J.S.A.* 2C:43–2b(3), and does not bar a term of imprisonment as a condition of probation. *Id.* at 327.

In *State v. Hess, supra,* 198 *N.J.Super.* 322, a second Appellate Division panel reached the opposite conclusion. There, the court stated that "[a] sentence of imprisonment, however short, imposed as a condition of probation, is a sentence of imprisonment as that term is used in *N.J.S.A.* 2C:44–1(e)." *Id.* at 327–28. It therefore ruled that the presumption of non-imprisonment must be overcome before a split sentence may be imposed on a first offender convicted of a crime of the third or fourth degree. *Id.* at 328; *see State v. Gardner, supra,* 215 *N.J.Super.* at 89; *see also State v. Kreidler,* 211 *N.J.Super.* 276, 280 (App.Div.1986) ("an offender who qualifies for the presumption against imprisonment is entitled to be free of any imprisonment").

Our choice between these conflicting interpretations of the statute is informed by the analysis of the fundamental policies underlying the Code's sentencing provision contained in *State v. Roth, supra,* 95 *N.J.* 334; *State v. Hodge,* 95 *N.J.* 369 (1984); and *State v. Yarbough, supra,* 100 *N.J.* 627. As we explained in those cases, the sentencing statute is based on concepts of proportionality and desert, and requires sentencing courts to maintain an inexorable focus on the gravity of the offense rather than on the particular circumstances of the offender. *See State v. Hodge, supra,* 95 *N.J.* at 376; *State v. Roth, supra,* 95 *N.J.* at 355. Toward that end, the Code's sentencing framework replaces "the unfettered discretion of prior law with a structured discretion designed to foster less arbitrary and more equal sentences." *State v. Roth, supra,* 95 *N.J.* at 345; *see also State v. O'Connor, supra,* 105 *N.J.* at 408–410 (discussing the specific procedures that a sentencing court must follow in order to comply with the statutory scheme).

Our review of these policies leads us to conclude that a term of imprisonment as a condition of probation is permissible where the presumption of non-imprisonment governs a defendant's sentence. In reaching this result, we reject defendant's contention that the term imprisonment as used in *N.J.S.A.* 2C:44–1e means *any* imprisonment, and that the presumption

against incarceration therefore bars imposition of a split sentence. *See State v. Hess, supra,* 198 *N.J.Super.* at 327–28; *see also State v. Jones,* 197 *N.J.Super.* 604, 609 (App.Div.1984) (holding that "the term 'imprisonment' * * * means any imprisonment" in a case involving the presumption of incarceration of *N.J.S.A.* 2C:44–1d). In our view, a sentence of imprisonment under *N.J.S.A.* 2C:43–2b(3) was intended by the Legislature to be different and distinct from a prison term imposed as a condition of probation under *N.J.S.A.* 2C:43–2b(2). *See State v. O'Connor,* 105 *N.J.* at 408–409 (quoting II Final Report of the New Jersey Criminal Law Revision Commission: Commentary 313 (1971)). We note that a split sentence may be served only in a county jail, while, in most cases, a sentence of imprisonment imposed pursuant to *N.J.S.A.* 2C:43–2b(3) must be served in a state correctional facility. *N.J.S.A.* 2C:43–10. Furthermore, a defendant sentenced to a prison term as a condition of probation may not be exposed to the parole ineligibility term authorized by *N.J.S.A.* 2C:43–6b. *State v. Guzman,* 199 *N.J.Super.* 346 (Law Div.1985). Additionally, unlike a state prison term, the custodial element of a probationary sentence may commence at any time during the probationary period, *State v. Postal,* 204 *N.J.Super.* 94 (Law Div.1985), and may be reduced on defendant's motion at any time before the sentence of probation has expired, *State v. Robinson,* 198 *N.J.Super.* 602 (Law Div.1984).

Moreover, we are persuaded that the approach advocated by defendant, and adopted in *State v. Hess, supra,* would significantly undermine the Code's policy of restrained sentencing discretion. Under *Hess,* a sentencing court that finds that imprisonment is required to protect the public would be free, in the case of a third-degree offender, to impose a sentence ranging from one day to five years. We decline to endorse a framework for sentencing decisions that incorporates an element of unguided discretion that the Code's presumptive-sentence scheme was designed to eliminate. *See State v. Roth, supra,* 95 *N.J.* at 345.

Furthermore, we note that defendant's interpretation of the statute would eliminate the possibility of imposing a split sentence on a third- or fourth-degree offender. Defendant contends, consistent with the decision in *Hess, supra,* that a sentence to county jail as a condition of probation is illegal unless the presumption of non-incarceration is overcome. Once the presumption of non-imprisonment is overcome, however, a defendant's sentence must fall within the presumptive range for a third- or fourth-degree offense. *See supra* at 403–404. Therefore, defendant's contention, if adopted, would unduly restrict the use of the sentencing disposition provided for in *N.J.S.A.* 2C:43–2b(2), since any third- or fourth-degree offender eligible for that sentence under the standard defendant advocates would have to receive a state prison term within the applicable presumptive range contained in *N.J.S.A.* 2C:43–6a. We cannot conceive that this result was intended by the Legislature.

■ We therefore hold that a defendant to whom the presumption of non-imprisonment applies may nonetheless be sentenced to a prison term of up to 364 days as a condition of probation.[3] Our ruling is consistent with the observation in *State v. Ivan,* 33 *N.J.* 197, 202–03 (1960), that in cases such as this, imposition of a prison sentence will often be necessary if organized criminal activity intended to promote gambling is to be deterred in an effective manner. Yet, as the Appellate Division acknowledged, "[i]t is doubtful that imprisonment of a low-level sitter or runner in a gambling operation is 'necessary for the protection of the public,' particularly in this State where practically all forms of gambling are legally available." 208 *N.J.Super.* at 325. Our holding today resolves this dilemma by

---

[3]Where the defendant has been convicted of or has pled guilty to a fourth-degree crime, it would be inappropriate to impose a term of imprisonment as a condition of probation in excess of the presumptive term for that offense. *See N.J.S.A.* 2C:44–1f(1).

permitting imposition of the split sentence provided for in *N.J.S.A.* 2C:43–2b(2) in cases in which the trial court finds that the presumption against incarceration is not overcome.

## IV

We therefore affirm the Appellate Division's reversal of defendant's sentence of two years for each count of conspiracy to promote gambling, and remand the case to the trial court for resentencing. On remand, the court may sentence defendant to a term of imprisonment of up to 364 days as a condition of probation or, if it finds that the presumption of non-imprisonment has been overcome, a state prison term ranging from three to five years.

In reversing defendant's sentence, the Appellate Division observed that the sentencing court "may have found a substantial likelihood that defendant was involved in organized criminal activity[,]" and may have concluded, on the strength of this factor, that imprisonment was necessary under *N.J.S.A.* 2C:44–1e. 208 *N.J.Super.* at 323. Our review of the court's statement of reasons and of the sentencing transcript does not reveal express consideration of this aggravating factor, *see* *N.J.S.A.* 2C:44–1a(5), nor does it indicate that the court found that imprisonment was necessary for the protection of the public. We therefore re-emphasize that the sentencing court, on remand, must clearly state on the record its reasons for imposing sentence. *N.J.S.A.* 2C:43–2e; *R.* 3:21–4. Furthermore, should the court determine that a sentence of imprisonment under *N.J.S.A.* 2C:43–2b(3) is required, it must include in its statement of reasons its finding that the presumption against incarceration has been overcome, and must memorialize in that statement the aggravating and mitigating factors it considered in determining defendant's sentence. *N.J.S.A.* 2C:44–1a, –1b; *see State v. Kruse,* 105 *N.J.* 354, 360 (1987).

The judgment of the Appellate Division is affirmed, and the matter is hereby remanded to the Law Division for disposition in accordance with this opinion.

*For affirmance and remandment*—Chief Justice WILENTZ and Justices CLIFFORD, HANDLER, POLLOCK, O'HERN, GARIBALDI and STEIN—7.

*Opposed*—None.